Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2401 | **DATE** | 3/25/2002 |
| **CASE TITLE** | Roels vs. Troka | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, defendants' motion to dismiss plaintiff's first amended complaint [ 17-1] is denied, and defendants' alternative motion for a more definite statement under Rule 12(e) is granted. Plaintiff has 21 days to file a second amended complaint consistent with the Opinion. Status in this matter is set for 4/19/02 at 9:45 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 3/25/2002 | |
| tw | courtroom deputy's initials | 02 MAR 26 AM 11:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL ROELS,<br>    Plaintiff,<br><br>v.<br><br>HENRY TROKA, OFFICERS BAILEY,<br>MCFADDEN, WADE and RAPPA of the<br>Cook County Jail, and JOHN DOEs 1-10,<br>    Defendants. | Cause No. 01 C 2401<br><br>Magistrate Judge Geraldine Soat Brown |

DOCKETED
MAR 27 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Carl Roels seeks damages under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment prohibition against cruel and unusual punishment. Roels alleges he was subjected to abusive treatment during two incarcerations at the Cook County Jail ("Jail") in Chicago, Illinois. Defendants Henry Troka ("Superintendent Troka"), Officer Rappa, and Officer McFadden,[1] members of the staff at the Jail, bring the present Motion to Dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6), in which they seek, alternatively, an order for a more definite statement under Rule 12(e). [Dkt # 17.] Upon consent of the parties, this case was

---

[1] Defendants Superintendent Troka and Officers Rappa and McFadden are represented jointly by the Cook County State's Attorney ("State's Attorney"). In briefing the motion to dismiss counsel for the State's Attorney also included arguments on behalf of Defendant Officer Bailey. [Dkt ## 17, 27.] However, at oral argument on the motion the State's Attorney clarified that Officer Bailey had not in fact been served with summons and hence was not represented by the State's Attorney. (The return of service filed with the Clerk of the Court indicates summons was unexecuted as to Officer Bailey. [Dkt # 8.]) There also is no indication that Defendant Officer Wade has been served with summons, and no appearance has been filed on Officer Wade's behalf. Plaintiff also names "John Does 1 - 10" as defendants, whom plaintiff identifies as certain "social workers, medical staff and/or corrections officers at Cook County Jail." Plaintiff states he will further amend his complaint to name these John Doe defendants specifically when their true identities are made known to plaintiff. (First Am. Compl. ¶ 9.) [Dkt # 16.] Accordingly, the movants in this matter are limited to Superintendent Troka and Officers Rappa and McFadden.

1

reassigned to the jurisdiction of a magistrate judge. [Dkt # 19.] Accordingly, this Court's decision constitutes the final ruling on the motions. 28 U.S.C. § 636(c); Local Rule 73.1. For the reasons set forth below, defendants' Rule 12(b)(6) motion to dismiss is DENIED, and defendants' alternative Rule 12(e) motion for more definite statement is GRANTED.

## BACKGROUND

Roels' First Amended Complaint alleges three episodes of prisoner abuse. The first occurred when he was incarcerated in the Jail beginning May 28, 1999. (First Am. Compl. ("Am. Compl.") ¶ 11.) [Dkt # 16.] When first admitted to the Jail, Roels was required to sleep on the floor, despite advising Defendants Officer Wade and John Does 1 and 2, two members of the prison medical staff, that he had a chronic back injury caused by two herniated spinal disks, which would be aggravated by his sleeping on the floor. (Am. Compl. ¶¶ 12-14, 17.) Plaintiff alleges that his back injury indeed was aggravated as he had warned, causing him severe pain. (Am. Compl. ¶ 15.) He filed grievances according to Jail procedures and also informed John Doe 3, a social worker at the Jail, repeatedly asking for transfer to a unit where he could sleep in a bed. His complaints were unanswered and he continued to sleep on the floor for more than 40 days. (Am. Compl. ¶¶ 16-17.)

The second episode of alleged abuse occurred when Roels was reincarcerated at the Jail beginning December 3, 2000. On December 23, 2000 he was transferred to a cell that had no running water or working lights, and was filthy. (Am. Compl. ¶¶ 18-19.) Roels complained to various correctional officers including Defendants Officer McFadden, Officer Rappa, and Officer Bailey about the conditions of the cell, and asked to be moved. (Am. Compl. ¶ 20.) On December 29, 2000, he personally handed a letter of complaint about the cell conditions to Defendant Superintendent Troka. (Am. Compl. ¶ 21.) He also filed grievances following Jail procedures, to

which he received no response. (Am. Compl. ¶ 23.) For at least a four-day period while Roels remained in this cell the Jail was "on 'lockdown.'" During this lockdown period Roels was allowed out of the cell only one time, for 15 minutes. (Am. Compl. ¶ 22.) He was transferred to a different cell on January 5, 2001. (*Id.*)

The third episode of alleged abuse also occurred during the incarceration that began December 3, 2000. Upon becoming an inmate of the Jail on this occasion, Roels notified correctional officers and medical staff that he had severe psoriasis that would require medical treatment including prescription medicine. (Am. Compl. ¶ 24.) Among jail staff he informed of his psoriasis condition were Defendants Officer Rappa, Officer McFadden, and Officer Bailey. (Am. Compl. ¶ 25.) He did not receive any medicine for his psoriasis until about January 11, 2001. (*Id.*)

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all the well-pleaded allegations of the complaint, drawing all reasonable inferences from these facts in favor of the plaintiff. *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). The court will grant the motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), cited in *Antonelli,* 81 F.3d at 1427.

Applying that standard to the allegations and reasonable inferences of the First Amended Complaint, it cannot be said that Roels could not prove any facts entitling him to relief as to all three episodes of alleged prisoner abuse. Regarding the allegations of being forced to sleep on the floor, Roels alleges he advised various Jail staff upon his May 28, 1999 incarceration that he had a prior back injury that would be aggravated and cause severe pain if Roels was required to sleep on the

3

floor. Roels alleges that, despite his warnings as well as continuing grievances filed according to Jail procedure, he was required to sleep on the floor for more than forty days, aggravating his back condition and causing him pain. These allegations are sufficient to raise the inference that Jail officials knowingly–*i.e.*, as a form of improper punishment–required Roels to sleep on the floor and incur aggravated back pain. *See, e.g., Jacobs v. Anderson*, No. 99 C 569, 2000 WL 1644503 (N.D. Ill. Oct. 26, 2000)(Kennelly, J.)

Regarding Roels' claim that he was kept in a cell without running water and working lights, despite repeated complaints to Jail staff including Superintendent Troka, the principles expressed in *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) guide the Court's determination. In that case, the Seventh Circuit reversed a decision to dismiss a prisoner's claim alleging that the walls of his cell were smeared with "human defecation" and the plaintiff was not supplied with water for three days. The court stated:

> While we recognize the extraordinarily difficult task prison administrators face in maintaining an appropriate prison environment and are aware of our limited role in matters involving state penal institutions, it is our obligation to inquire when confronted with potentially unconstitutional prison conditions. Clearly, prison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities–basic necessities of civilized life. . . . Hence, [plaintiff] Johnson's allegations, while perhaps ultimately without merit, warrant an expanded response which will enable the magistrate to examine further Johnson's claim and articulate more detailed findings.

*Id.* at 139-40 (citations omitted).

Likewise, in the present case, Roels' allegations can not be dismissed at the pleading stage.

The same analysis applies to Roels' claim that upon incarceration on December 3, 2000 he advised Jail staff he had a severe psoriasis condition for which he needed medical treatment and prescription medicine, but that he did not receive the medicine until more than five weeks later. The

4

Court cannot conclude from the pleadings alone that Roels could not prove any facts demonstrating that he suffered from a medical condition sufficiently serious that the delayed treatment violated his constitutional rights. *See, e.g., Gutierrez v. Peters,* 111 F.3d 1364, 1372-73 (7th Cir. 1997). As discussed in *Gutierrez,* given the liberal notice pleading standards in federal court, the determination whether a medical condition is sufficiently serious to implicate constitutional concerns "will often be ill-suited for resolution at the pleading stage and will have to await summary judgment proceedings." *Id.* at 1372, n.7.

Thus, the defendants' motion to dismiss the first amended complaint under Rule 12(b)(6) is denied.

There are, however, two aspects of plaintiff's claim that should be clarified. First, Roels claims that the treatment he received constituted a violation of his rights under the Eighth Amendment, which prohibits cruel and unusual punishment to prisoners. However, it is unclear from his allegations whether Roels was in Jail on the two occasions in question as a detainee awaiting trial, or as a prisoner serving a sentence following conviction. The Eighth Amendment protects the rights of prison inmates following conviction. However, it is the Fourteenth Amendment right to due process that applies to pre-trial detainees. *Antonelli,* 81 F.3d at 1427. Although the standard for analyzing a prisoner rights claim is the same under the Eighth and Fourteenth Amendments, *Anderson v. O'Grady,* No. 89 C 6970, 1991 WL 98962, at *1 (N.D. Ill., June 3, 1991)(Nordberg, J.), it is important to clarify under which amendment the plaintiff is entitled to proceed. *Antonelli,* 81 F.3d at 1427, n.2.

Roels must also clarify which of the defendants he seeks recovery from in each of Counts I and II of his complaint. All of the defendants are described in a section preceding Count I called

5

"Factual Allegations." (Am. Compl. ¶¶ 14, 25.) Count I seeks damages from unspecified "Defendants" for "intentional and deliberate delay in providing appropriate conditions of confinement and medical care concerning Plaintiff's back injuries and psoriasis." (Am. Compl. at ¶ 27.) Not all defendants named in the Amended Complaint are named as being involved in the incidents involving Roels' back injury and psoriasis. "The decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of *respondeat superior* cannot be the basis of a claim under §1983." *Del Raine v. Williford*, 32 F.3d 1024,1047 (7th Cir. 1994). Thus, Roels must specify the named defendants against whom he seeks recovery in Count I and state the basis for his claim that each is liable.

The same need for specificity applies as to Count II, which seeks damages from "Defendants" for "intentional and deliberate acts in confining Plaintiff in conditions that amounted to extreme deprivation." (Am. Compl. at ¶ 29.) Roels must clarify Count II itself, to make clear the specific defendants against whom he seeks recovery in this claim and to state the basis for his claim that each is liable.

Therefore, the defendants' Rule 12(e) motion for a more definite statement is granted. Roels is granted 21 days from the date of this Order to file a second amended complaint consistent with this opinion.

**IT IS SO ORDERED.**

*Geraldine Soat Brown*
GERALDINE SOAT BROWN
United States Magistrate Judge

**DATED: March 25, 2002**